LITTLE, Respondent, *vs.* SELLICK and others, Appellants.

1. Causes cannot be taken by writ of error or appeal from the Law Commissioner's Court of St. Louis county, to the Circuit Court, but only to the Supreme Court.

*Appeal from St. Louis Circuit Court.*

*Blennerhassett & Shreve*, for appellants.

I. The appellants insist that the cause was not liable to be tried, or rather that it should not have been tried at the March term, to which it was returnable.

It has been the invariable practice of the courts of record of this county, and of the Circuit Court, not to try causes appealed, at the return term, unless the appeal was perfected on the day of the trial, or the appellant gave notice, in writing, to the party, of his appeal, and the appellee filed his appearance on

or before the first day of the return term.   Rev. Stat. 1845, p. 671, sections 21 and 22.

II.   The appellants contend, that if this case could have been tried at the March term, it should have been *de novo.* Rev. Stat. p. 670, sections 13, 18 and 19.   Act of 1851, concerning Law Commissioner, third subdivision of section three.

*Glover & Campbell,* for respondent.

The eighth section of the act making the Law Commissioner's Court a court of record, approved February 17th, 1851, provides that " The Circuit Court of St. Louis county shall only have the same control and jurisdiction over said Commissioner's Court, that it has over the St. Louis Criminal Court," &c.

The act establishing the Criminal Court of St. Louis county, approved March 15, 1845, (see Rev. Code, 1845, chap. 43,) provides, in the fifth section thereof, that " The Circuit Court of St. Louis county shall exercise superintending control over the said Criminal Court, only by appeal or writ of error, allowed and prosecuted in the manner and with the effect prescribed by law in cases of appeals or writs of error to the Supreme Court, except that the defendant shall in no case be let to bail on such appeal or writ of error."

The act entitled " an act to regulate proceedings in criminal cases," approved March 25th, 1845, in article six, section twenty-four, provides that " on the trial of any indictment or prosecution for a criminal offence, exceptions to any decision of the court may be made in the same cases and manner provided by law in civil cases, and bills of exception shall be settled, signed, sealed and filed, as now allowed by law in personal actions, and the same proceedings may be had to compel or procure the signing and sealing of such bills, and the return thereof, as in civil cases."   (See Rev. Code of 1845, page 881, section twenty-four of Practice in Criminal Cases.)

It follows, then, from these several provisions, that the ap-

peal from the Law Commissioner's Court could only be by bill of exceptions. There being no bill of exceptions, no re cord filed in the Circuit Court, when the case was regularly reached, in its course on the docket, on motion of the appellee, the Circuit Court could only do what this court would have done in like circumstances, to-wit, affirm the judgment of the Law Commissioner.

The appellant relies on the language in the third section of the Law Commissioner's law, in the third specification of powers. This language is alleged to authorize the Circuit Court to try causes of this class, as it tries cases coming up from justices of the peace; but no fair interpretation will justify any such idea. The words are, "that govern *trials* in like cases before justices of the peace." Trials are ended, when the judgment is rendered. It is difficult to imagine how trials can be made to comprehend appeals.

But we are not left to mere rules of construction. The act itself expressly sets out how and to what court appeals shall be taken. Section nine provides that " cases may be taken from said Commissioner's Court, by appeal or writ of error, to the Supreme Court, under the same rules and regulations that cases are taken to the Supreme Court from the several Circuit Courts," which section immediately succeeds that authorizing appeals to the Circuit Court; thus clearly describing the tribunals that should be the appellate courts of the Law Commissioner's Court; and in what manner cases shall be carried to said courts, so as to give them jurisdiction of the same.

RYLAND, Judge, delivered the opinion of the court.

This was originally an action of forcible entry and detainer, brought by Little against Sellick and others, in the Law Commissioner's Court.

The plaintiff had judgment and the defendant appealed to the Circuit Court. The plaintiff, the appellee, entered his appearance to the appeal in the Circuit Court, and moved the court to dismiss the appeal for want of jurisdiction; and also, that if the court had jurisdiction, the case was not properly

before that court, there being no bill of exceptions, showing the evidence and action of the court below.

The Circuit Court overruled this motion. The appellants objected to the case being taken up for trial at the first term, alleging that they had given the plaintiff, the appellee, no notice of the appeal. This objection was overruled; the appellee had already entered his appearance. The defendants then moved, that if the court would take up the cause at the present term, a jury should be impannelled to try the case anew. This motion was also overruled. The appellee then moved the Circuit Court that the judgment of the Law Commissioner's Court be affirmed, which motion the court sustained. The appellants excepted and bring the case here by appeal.

1. In the opinion of this court, the Circuit Court erred in refusing to sustain the appellee's motion to dismiss the appeal for want of jurisdiction. By the ninth section of the act concerning the Law Commissioner of St. Louis, approved February 17, 1851, " cases may be taken from said Commissioner's Court, by appeal or writ of error, to the Supreme Court, under the same rules and regulations that like cases are taken to the Supreme Court from the several Circuit Courts ; and cases taken to the Supreme Court from the said Commissioner's Court, shall be heard and determined in the same manner and under the same rules and regulations that like cases are heard and determined therein from the several Circuit Courts."

This Commissioner's Court has exclusive jurisdiction over all appeals in civil cases from justices of the peace, within the city and county of St. Louis, in like manner as the Circuit Courts in this State had in other counties, except as in the aforesaid act is otherwise provided.

Cases, then, originally before the Law Commissioner, or brought to his court, by appeal from justices of the peace, may, by appeal or writ of error, be brought to the Supreme Court, but not to the Circuit Court.

Permit the parties to appeal to the Circuit Court from the

Law Commissioner, and there try the case anew, and in cases taken to the Commissioner's Court from the justices of the peace, there would be two trials *de novo* upon the merits, in two different appellate courts. Litigation is stretched out now far enough for any practical purpose, without having three courts to which parties may appeal consecutively, the two first of which are required to try the case *de novo*. Begin before a justice of the peace, go by appeal to the Law Commissioner, from him by appeal to the Circuit Court, and lastly to the Supreme Court! The statute, allowing appeals and writs of error from the Law Commissioner's Court to the Supreme Court, never contemplated allowing such to the Circuit Courts. It is of the utmost importance to the citizens of this State, that the courses of litigation should be as short as practicable. Let justice be brought home to the doors of every man, as speedily as can, with convenience, be done. Let there be no needless and useless round of traveling from court to court.

The other Judges concurring, the judgment of the Circuit Court is reversed and the cause remanded, with directions to set aside the judgment of affirmance and to dismiss the appeal.